## Calaf et al. *v.* Calaf.

## Apelación procedente de la Corte de Distrito de Arecibo.

### No. 471.—Resuelto en febrero 14, 1911.

Alegaciones—Excepción Previa—Jurisdicción—Nulidad de Institución de Heredero.—Las cortes de distrito tienen jurisdicción para conocer de un pleito en que se interese la nulidad de una institución de heredero.

Id.—Falta de Capacidad Legal para Demandar.—La omisión de una alegación en la demanda, al efecto de que el demandante ha sido declarado por sentencia ejecutoria hijo natural reconocido de su padre, en el caso de que ese requisito sea necesario para el ejercicio de la acción de nulidad de institución de heredero, no puede dar lugar a la excepcion previa de falta de capacidad legal para demandar, sino a la falta de causa de acción.

Id.—Defectos de Partes Demandadas.—No puede haber defecto de partes demandadas en una demanda en que, interesándose la nulidad de una institución de heredero, se ha hecho parte demandada al único heredero instituído, pues según la demanda, ésta es la única parte a quien puede interesar la resolución final que recaiga en el pleito.

Id.—Indebida Acumulación de Acciones.—No existe indebida acumulación de acciones en una demanda en que se ejercite la acción de reconocimiento de hijo natural como fundamento de la de nulidad de institución de heredero.

Id.—Falta de Causa de Acción—Demanda Ambigua, Ininteligible o Dudosa.— La alegación de que el causante reconoció como hijo natural al demandante en los días en que éste recibió los sacramentos del bautismo y de la confirmación, habiéndolo tenido y considerado durante toda su vida como tal hijo natural, es suficiente para alegar que el demandante es hijo natural, reconocido del causante, y atendidos los términos de esa alegación hay que presumir, para los efectos de una excepción, que tal reconocimiento se hizo en forma fehaciente, pues de otro modo no podría estimarse hijo natural reconocido, y por consiguiente tal alegación es suficiente para sostener la causa de la acción de nulidad de institución de heredero por preterición, y para resolver que la demanda no es ambigua, ininteligible, ni dudosa.

Hijo Natural—Prueba del Reconocimiento.—Establecido como uno de los hechos fundamentales de una demanda interesando la nulidad de una institución de heredero, el reconocimiento por parte del testador, de la filiación del demandante, sin que se ejercite la acción de reconocimiento, y negado éste por la parte demandada, la única prueba que debe admitirse en el juicio, sobre tal extremo, es el documento público y fehaciente que acredite tal reconocimiento, o la sentencia ejecutoria que lo ordenare.

Id.—Ejercicio de la Acción.—El ejercicio de la acción de reconocimiento es necesario en los casos en que el padre no haya reconocido al hijo o se niegue a hacerlo de una manera solemne; para que pueda prescindirse del ejercicio de tal acción es indispensable que haya constancia auténtica y fehaciente del reconocimiento, o que éste haya sido declarado por sentencia de tribunal competente.

ID.—El reconocimiento afecta a la existencia misma del derecho, pero un reconocimiento hecho de cualquier modo, directo o indirecto, sin constancia fehaciente del mismo, no puede constituir, con arreglo a la ley 11 de Toro, título suficiente para ejercitar derechos sucesorios.

ID.—PRESCRIPCIÓN DE LA ACCIÓN.—La acción de reconocimiento, en los casos en que éste sea forzoso por haberse negado el padre a hacerlo, es susceptible de prescripción, aunque se trate de reconocimiento de hijos naturales nacidos bajo el régimen de la Ley de Toro.

ID.—Los elementos integrantes y necesarios de la filiación y del reconocimiento de los hijos naturales son aquellos que se refieren a la capacidad del hijo para ser reconocido, y a los actos necesarios para determinar el reconocimiento; pero la duración de la acción para recabar éste judicialmente, es un accidente que el legislador puede siempre modificar, con tal que no se prive en términos absolutos, al que tenga o pretenda tener ese derecho, de la acción para obtener su declaración, dándole un término razonable para ejercitarlo.

ID.—PRESCRIPCIÓN BAJO EL RÉGIMEN DE LA LEY DE TORO.—Aun en el caso de que las disposiciones del Código Civil español o del revisado, en materia de prescripción, no fueren aplicables a un caso de reconocimiento regulado por las Leyes de Toro, siempre sería de aplicación la ley 63 de Toro que fija 20 años para la prescripción de las acciones personales, de cuyo carácter participa la de reconocimiento o filiación.

SENTENCIA—REGISTRO DE LA MISMA.—Sentencia es la decisión definitiva de los derechos de las partes en un pleito o procedimiento. Una sentencia debe presumirse registrada por el secretario de la corte mientras no exista prueba en contrario.

ID.—COSA JUZGADA.—Negado, por sentencia firme, el reconocimiento de un hijo natural en una acción de filiación, constituye cosa juzgada esa decisión, y surte efecto en otro juicio en que, habiendo identidad de litigantes y de la calidad con que lo fueran, se solicitare la declaratoria de nulidad de una institución de heredero, y en que el fundamento principal de esa declaratoria tuviera que ser el reconocimiento de dicho hijo natural con los derechos consiguientes al mismo, pues en ese caso existe también la identidad de cosas y la de causa o razón de pedir, elementos necesarios para que la excepción de cosa juzgada sea eficaz.

LITIS-PENDENCIA.—Entablada la demanda de este caso ante la Corte de Distrito de San Juan, y habiéndose declarado ésta incompetente para conocer del asunto, presentóse de nuevo ante la Corte de Distrito de Arecibo, en la que alegó el demandado la excepción de litis-pendencia; en apelación *se resolvió* que no era posible estimar la existencia de la litis-pendencia alegada, por cuanto el fallo de la Corte de Distrito de San Juan había quedado cumplido, en cuanto al demandante, por el hecho de haber acudido ante la corte que se había indicado como competente, y por lo que respecta al demandado, como dicho fallo le era favorable, no podía interponer contra él recurso alguno.

ALEGACIONES—EXCEPCIÓN PREVIA—DEFECTO DE PARTES DEMANDANTES.—No es posible sostener la excepción de defecto de partes demandantes, alegada en este caso en que se ejercitan derechos sucesorios, y fundada en que los demandantes han cedido a determinadas personas una parte alícuota de los bienes y cantidades de cualquier clase que pudieran en definitiva percibir por virtud de este pleito, pues tal cesión no envuelve una transmisión de derechos hereditarios a favor de dichas personas, y el interés que éstas puedan tener en el litigio no es de tal naturaleza que les permita sostener la acción que ejercitan los demandantes.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Antonio Alvarez Nava y C. M. Boerman.*

Abogados de los apelados: *Sres. Eduardo Acuña, Carlos López de Tord y Nemesio R. Canales.*

EL JUEZ PRESIDENTE, SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 22 de septiembre del año 1908 los demandantes presentaron demanda ante la Corte de Distrito del Distrito Judicial de Arecibo contra el demandado, sobre nulidad de institución de heredero, cuya demanda contiene las siguientes alegaciones sustanciales:

1°. Que los cinco demandantes son los únicos y universales herederos abintestato de Juan Ramón Calaf y Martínez, los cuatro primeros o sean Rosa María, José Miguel, Gumersinda Dolores y María Higinia Calaf Fugurull, por su propio derecho y en concepto de hijos naturales, y el 5°. o sea César Velázquez, en concepto de nieto natural, como hijo a su vez de Carmen Calaf Fugurull difunta, e hija natural también de Juan Ramón Calaf y Martínez, con cuyo carácter de tales herederos es que establecen la demanda.

2°. Que el predicho Juan Ramón Calaf nació en esta ciudad de San Juan el día 31 de agosto de 1840, siendo sus padres Salvador Calaf Serra y María Antonia Martínez, los que en aquella fecha, y durante los nueve meses precedentes profesaron la religión católica apostólica romana, eran mayores de catorce y doce años, respectivamente, conscientes, solteros, de condición libres, legos o seglares, sin que entre ellos mediara género alguno de parentesco, ni relación por razón de crimen, y sin que tampoco ninguno de ellos estuviera ligado por promesa de matrimonio a otra persona.

3°. Que el expresado Salvador Calaf Serra reconoció como su hijo natural a Juan Ramón Calaf Martínez en los días en que este último recibió los sacramentos del Bautismo y de la confirmación, y dicho Juan Ramón Calaf y Martínez falleció en Ponce el día de 9 de octubre de 1895, habiendo sido tenido

y considerado durante toda su vida como hijo natural recono-
cido de su padre Salvador Calaf Serra.

4°. Que en el año 1890 y mediante escritura que autorizó
en el pueblo de Manatí el Notario Don José A. de la Torre el
día 17 de junio, Salvador Calaf Serra reconoció como su hijo
natural al demandado Federico Calaf Rivera, que en aquella
sazón alcanzaba la edad de 45 años, y desde unos treinta años
antes venía viviendo en su compañía, en la que continuó hasta
el fallecimiento de Salvador Calaf Serra.

5°. Que Salvador Calaf Serra falleció en Manatí el día
11 de febrero de 1903 bajo testamento abierto que otorgó en
24 de marzo de 1902, ante el Notario Don Francisco Y. Náter
Rivera.

6°. Que en ese testamento el testador Salvador Calaf Serra,
después de ordenar distintas mandas piadosas y legados, y
declarar que en su matrimonio con Petrona Vega, ya difunta,
no había tenido sucesión, instituyó por su único y universal
heredero a su hijo natural reconocido el demandado Federico
Calaf Rivera, haciendo caso omiso de los demandantes.

7°. Que todos los bienes dejados por Salvador Calaf Se-
rra se hallan en poder del demandado Federico Calaf Rivera,
quien desde el fallecimiento de aquél viene poseyendo la to-
talidad de esos bienes, gozándolos y haciendo suyos todos
los frutos.

La demanda concluye con la súplica de que en su día se
dicte sentencia contra el demandado, declarando que es nula
y sin ningún valor ni efecto la institución de heredero que
a su favor contiene el testamento de Salvador Calaf Serra,
de fecha 24 de marzo de 1902, y disponiendo, como consecuen-
cia de tal declaración, que se abra la sucesión intestada de
Salvador Calaf Serra con las costas al demandado.

La alegación expuesta bajo el número 3°. fué enmendada
en el sentido de que sus últimas palabras *"como hijo natural
reconocido de su padre Salvador Calaf Serra,"* fueran sus-
tituídas por éstas *"como hijo natural reconocido por su pa-
dre Salvador Calaf Serra"*; y por orden de la corte y a mo-

ción de la parte demandada fueron eliminadas de la alegación que dejamos consignada bajo el número 4º. las palabras y *"mediante escritura que autorizó en el pueblo de Manatí el Notario Don José A. de la Torre el día 17 de junio."*

A la demanda con las eliminaciones hechas opuso el demandado las siguientes excepciones previas:

1ª. Que la corte carece de jurisdicción por la materia de la acción.

2ª. Que los demandantes no tienen capacidad legal para demandar.

3ª. Que existe defectos de partes demandadas.

4ª. Que varias acciones han sido indebidamente acumuladas.

5ª. Que la demanda no aduce hechos suficientes para determinar una causa de acción.

6ª. Que la demanda es ambigua, ininteligible y dudosa.

7ª. Que la causa de acción que se ejercita está prescrita, según lo dispuesto en los artículos 199 y 1840 del Código Civil vigente, y 137, 1939 y 1964 del Código Civil primitivo.

Discutidas por las partes las excepciones presentadas por el demandado; fueron declaradas sin lugar por orden de 14 de enero de 1909, concediéndose cinco días al demandado para contestar la demanda.

Al evacuar ese trámite, Federico Calaf, negó que Salvador Calaf Serra fuera el padre de Juan Ramón Calaf y María A. Martínez de condición libre en las fechas en que fué engendrado y nació Juan Ramon Calaf, como también que concurrieran en ellos las condiciones que se expresan en la alegación segunda.

Negó igualmente que Salvador Calaf en tiempo alguno hubiera reconocido a Juan Ramón Calaf como a su hijo natural, y que en tal concepto lo hubiera tenido y considerado en época alguna de su vida; y negó por último que los demandantes sean nietos de Salvador Calaf Serra.

Para mayor defensa alegó el demandado:

1°. Que Salvador Calaf Serra había nacido en España y era español hasta el cambio de soberanía en esta Isla, mientras que María Antonia Martínez era de raza negra y de condición esclava, y según información y creencia, natural de esta Isla.

2°. Que aun admitido el reconocimiento de Juan Ramón Calaf, no serían los demandantes y el demandado los únicos herederos abintestato de Salvador Calaf Serra, habiendo, por tanto, defecto de partes demandantes.

3°. Que al establecerse la demanda había pendiente otro pleito por la misma causa de acción y entre las mismas partes litigantes en la Corte de Distrito de San Juan, en el cual se dictó resolución sin que hubieran transcurrido treinta días desde su fecha hasta la de la presentación de la demanda, origen del presente caso.

4°. Que Juan Ramón Calaf falleció en Ponce en el año de 1895, teniendo más de cincuenta años de edad y hallándose en la plenitud de sus facultades mentales.

5°. Que los mismos demandantes presentaron una demanda contra el mismo demandado Federico Calaf ante la Corte de Distrito de San Juan en marzo de 1906, invocando su pretendida condición de nietos y sucesores de Salvador Calaf Serra y reclamando en tal concepto de Federico Calaf Rivera la mitad del caudal relicto por aquél, cuyo caso terminó por resolución de 28 de noviembre del mismo año, que declaró con lugar las excepciones puestas a la demanda y desestimó ésta, sin permitir enmienda, con las costas, sin que contra esa decisión declaratoria de que el padre de los demandantes Juan Ramón Calaf no tenía el estado de hijo natural reconocido de Salvador Calaf Serra, se interpusiera apelación ni recurso alguno.

6°. Que la causa de acción que se ejercita en la demanda está prescrita, según lo dispuesto en los artículos 199 y 1840 del Código Civil vigente, y 137, 1939, y 1964 del Código Civil anterior.

Celebrado el juicio, la corte de Arecibo dictó sentencia en 30 de julio de 1909, cuya parte dispositiva dice así:

FALLA.

"Que los hechos y el derecho están a favor de los demandantes y en contra del demandado; y por tanto procede declarar y declara nula y sin ningun valor ni efecto la cláusula octava del testamento de Salvador Calaf Serra, otorgado ante el Notario Don Francisco Y. Náter y Rivera en 24 de marzo de 1902, en la que se instituye heredero al demandado Federico Calaf Rivera con las costas del litigio a cargo del dicho demandado."

Contra esa sentencia interpuso el demandado recurso de apelación, sometido a nuestra consideración y decisión después de haber alegado ambas partes por escrito y oralmente cuanto han estimado conducente a la defensa de sus respectivos derechos.

La primera de las excepciones dilatorias o previas, consistentes en que la corte inferior no tuvo jurisdicción por razón de la acción, es claramente improcedente, pues la cuestión que se ventila en el pleito es la nulidad de una institución de heredero, y tal materia es de la jurisdicción de las cortes de distrito mediante juicio ordinario como el que se ha seguido. La razón invocada en la corte inferior para sostener dicha excepción de no haberse alegado en la demanda que el reconocimiento de Juan Ramón Calaf se hubiera ordenado por una resolución judicial ejecutoria, nunca justificaría la excepción de falta de jurisdicción por la materia de la acción, aun en el supuesto de que tal alegación fuera requisito indispensable para ejercitar derechos sucesorios.

La incapacidad legal para demandar atribuída a los demandantes por el demandado no puede derivarse, como pretende éste, del hecho de no haber sido declarado Juan Ramón Calaf hijo natural reconocido de Salvador Calaf por sentencia ejecutoria, pues la falta de ese requisito en el caso de

ser necesario para el ejercicio de la acción de nulidad de que se trata, argüiría falta de acción y no de capacidad. Tampoco existe defecto de partes demandadas, pues pidiéndose como se pide en la demanda la nulidad de la institución de heredero que a favor del demandado contiene el testamento de Salvador Calaf Serra, otorgado en 24 de marzo de 1902, dicho demandado es la única parte a quien *según la demanda* interesa la resolución final que recaiga en el pleito.

Es verdad que en la demanda se solicita también que como consecuencia de la declaratoria de nulidad pretendida se abra la sucesión intestada de Salvador Calaf Serra, pero ese pronunciamiento en nada afectaría al procedimiento que en su caso se seguiría para la partición de la herencia de Calaf Serra.

Ni han sido indebidamente acumuladas varias acciones, o sean la acción de filiación y la acción de nulidad de institución de heredero, pues la mera lectura de la súplica de la demanda revela que sólo se ha ejercitado la segunda de dichas acciones, por más que los demandantes han alegado que Juan Ramón Calaf, de quien son causahabientes, es hijo natural de Salvador Calaf para mostrar el carácter de herederos con que ejercitan la acción de nulidad.

La representación de la parte apelada sostiene y repite que no necesitaba ejercitar la acción de filiación, por existir un reconocimiento expreso y voluntario de hijo natural por Salvador Calaf Serra a favor de Juan Ramón Calaf, causante de los demandantes, habiendo sostenido lo contrario la parte demandada.

Si sólo se ha ejercitado la acción de nulidad, es claro que no existe la indebida acumulación de acciones, la cual tampoco existiría si se hubiera ejercitado la acción de reconocimiento, como fundamento de la de nulidad de institución de heredero.

La otra excepción de que la demanda no contiene hechos suficientes para determinar una causa de acción, se funda en que no contiene alegación de reconocimiento por Salva-

dor Calaf a favor del padre de los demandantes, requisito esencial para la existencia de la acción ejercitada y se alega como razones de esa afirmación, que el apartado de la demanda relativo al reconocimiento, no es la exposición de un hecho, sino una conclusión legal, que en el falso supuesto de que fuera un hecho, no estaría debidamente alegado, y que el reconocimiento, si existió, debió ser anotado en el registro civil, y tal inscripción debió alegarse en la demanda.

Hemos leído con detenimiento el apartado de la demanda relativo al reconocimiento, cuyo apartado dejamos transcrito con el número 3º. al consignar los hechos fundamentales de la demanda, y opinamos que el reconocimiento alegado es bastante para constituir con los demás hechos expuestos en la demanda la causa de acción ejercitada. Esa acción es la de nulidad de institución de heredero a favor del demandado, por haber sido preteridos los demandantes, nietos naturales de Salvador Calaf, y padre éste de su causante Juan Ramón Calaf, y la alegación de que Salvador Calaf reconoció como su hijo natural a Juan Ramón Calaf Martínez en los días en que recibió los sacramentos del bautismo y de la confirmación, habiéndolo tenido y considerado durante toda su vida como tal hijo natural, muestra que Juan Ramón Calaf es hijo natural reconocido de Salvador Calaf Serra, cuyo reconocimiento, atendidos los términos en que está redactada la alegación, debe presumirse hecho en forma fehaciente, pues según lenguaje usual y corriente, hijo natural reconocido es el que lo ha sido en la forma indicada. La misma época en que se hizo el reconocimiento, o sean los días en que fueron administrados a Juan Ramón Calaf el Bautismo y la Confirmación, parecen indicar que el reconocimiento se hizo en alguno de esos actos, y que se hizo constar en forma fehaciente debida, en los documentos que entonces se extendían para acreditar la administración de esos sacramentos, al menos, el del bautismo.

De todos modos, aunque la forma del reconocimiento no se haya consignado expresamente en la alegación de que se

trata, los términos en que aparece redactada no excluyen
el reconocimiento en forma fehaciente, y las pruebas que en
su día se practicaran en el juicio vendrían a demostrar la
forma en que se hizo.  Si de las pruebas resultaba que el
reconocimiento no había sido en forma fehaciente, cabría
entonces decidir, como decidiremos nosotros, si el reconoci-
miento hecho en otra forma era o nó bastante para servir de
fundamento a la demanda interpuesta.

Teniendo en cuenta por otra parte que no se ha ejercitado
la acción de reconocimiento, pues éste se da por supuesto,
sino la de nulidad de institución de heredero de Federico Ca-
laf, basada precisamente en aquel reconocimiento, opinamos
que la alegación de reconocimiento en la forma en que ha
sido hecha, es bastante a los fines pretendidos, sin perjuicio
del resultado de las pruebas que se practicaran en el juicio
sobre la forma en que se verificó dicho acto.  Si la acción
ejercitada hubiera sido la de reconocimiento, acaso opinára-
mos de distinto modo.

Ni ha sido ambigua, ininteligible y dudosa la demanda
en la parte relativa al reconocimiento, pues como hemos dicho
antes, el sentido usual y corriente de la alegación en que se
consigna dicho reconocimiento, muestra que Juan Ramón Ca-
laf fué reconocido por Salvador Calaf, como su hijo natural,
por modo auténtico, en los días en que recibió los sacramen-
tos del bautismo y de la confirmación, habiendo sido tenido
y considerado como hijo natural reconocido por su padre
Salvador Calaf.

Verdaderamente que ese último concepto abundaba si el
reconocimiento de Juan Ramón Calaf fué hecho de modo pú-
blico y solemne; pero esa redundancia nunca conduciría a
la conclusión de que el reconocimiento se hizo en otra forma,
ni menos a la de que la alegación de reconocimiento es am-
bigua, ininteligible y dudosa.

Tampoco ha prescrito la acción ejercitada, pues esa acción
es la de nulidad, y los preceptos legales que se invocan para
sostener la excepción, se refieren a la prescripción de la ac-

ción de filiación y reconocimiento, que los demandantes ale-
gan y repiten no haber sido ejercitada en la demanda, sin
que nosotros podamos variar los términos en que el debate
judicial ha sido planteado.

Estimamos, pues, arreglada a derecho, por las mismas ra-
zones expuestas, la orden que dictó la Corte de Distrito de
Arecibo en 14 de enero de 1909, desestimando todas las excep-
ciones previas propuestas. Y pasamos a examinar las si-
guientes cuestiones legales propuestas por la parte apelante
en su alegato:

1ª. Que no ha debido admitirse otra prueba del reconoci-
miento de Juan Ramón Calaf por Salvador Calaf y Serra
que el documento público y solemne del reconocimiento de
Juan Ramón Calaf, o la sentencia ejecutoria ordenando ese
reconocimiento.

2ª. La excepción de cosa juzgada.

3ª. La de prescripción.

4ª. La de litis pendencia.

5ª. La de defecto de partes demandantes.

En cuanto a la primera cuestión legal, opinamos que ha-
biéndose establecido como uno de los hechos fundamentales
de la demanda, el reconocimiento de la filiación de Juan Ra-
món Calaf por Salvador Calaf y Serra, sin ejercitarse la ac-
ción de reconocimiento, y negado como ha sido tal reconoci-
miento por el demandado, la única prueba que ha podido y
debido admitirse ha sido el documento público y fehaciente
que acreditara tal reconocimiento, o la sentencia ejecutoria
que lo ordenara.

En el caso de *Amsterdam et al.* v. *Puente et al.,* decidido
en 17 de junio de 1910, digimos:

"Creemos que de las disposiciones del Código Civil vigentes ante-
riormente, así como de la práctica y jurisprudencia sobre el particu-
lar, puede correctamente deducirse la conclusión de que sin algún
acto que en forma auténtica revele la voluntad del padre de dar a
su hijo tal estado, el hijo tiene solamente un derecho de acción para
obligar al padre a que le confiera dicho estado. El artículo 135 del

Código Civil español y el 189 del Código Civil de Puerto Rico preveen los casos en que un padre pueda ser obligado a reconocer a su hijo ilegítimo. Solamente puede ser obligado a ello por medio de una acción, y puede decirse que *tal acción sería innecesaria únicamente en aquellos casos en que hubieran actos solemnes por parte del padre que vengan a demostrar que tal obligación ha sido cumplida.* Claramente se deduce de estos artículos que aunque un padre haya ejecutado como sucede en el caso de autos, una serie de actos tendentes a mostrar que determinada persona era hijo suyo, sin embargo, no puede decirse que él la haya reconocido dentro de la acepción que legalmente tiene la palabra reconocimiento. Si él puede ser obligado a ello, entonces hay que convenir en que antes de obligársele, el *desideratum* no se ha logrado. Bajo tales circunstancias, y hasta que no haya algún acto solemne, o alguna declaración de parte de un tribunal, no puede decirse que el hijo ha sido reconocido ni puede afirmarse que haya adquirido el estado civil de hijo natural reconocido.''

En el caso de *Justo Puente et al.* v. *Félix Puente y Solano et al.,* decidido el 18 de junio citado, fué discutida la cuestión legal de si en el procedimiento especial para declaratoria de herederos que establece la ley aprobada en 9 de marzo de 1905, podía admitirse prueba para justificar el reconocimiento de la filiación natural, cuya prueba había sido denegada por la corte inferior, y al resolver ese punto digimos.

''A nuestro juicio la corte sentenciadora no cometió el error que se le atribuye. Para que la apelante en este caso hubiera podido alegar con éxito su condición de hija natural reconocida, y oponerse como tal y como tal ser declarada heredera, era necesario que constara que su reconocimiento se había verificado voluntaria y solemnemente por el padre, sin lugar a dudas, o que teniendo ella derecho a ser reconocida de acuerdo con la ley, y habiéndose omitido por el padre hacer el reconocimiento de una manera solemne, o habiéndose negado a ello, había obtenido sentencia firme a su favor en un tribunal competente y dentro del procedimiento contencioso adecuado. Ha sido la práctica constante, que cuando el padre omite o niega el reconocimiento, el hijo debe acudir al tribunal competente ejercitando la acción de filiación para obtener que el tribunal declare en una sentencia lo que omitió o se negó a declarar el padre de una manera solemne. \* \* \*''

En el caso de *Emilia Rijos Córdova* v. *Teresa Folgueras Rijos y otros,* decidido en 21 del propio junio digimos:

"El hijo natural deriva su derecho del reconocimiento, y para que el reconocimiento se entienda realizado y surta todos sus efectos legales, es necesario que se haga de una manera solemne por el padre con la firme voluntad de realizarlo, y que quede de él la debida constancia auténtica y fehaciente. Cuando el padre realizaba actos tendentes a establecer su paternidad, que por sí solos no constituían un reconocimiento solemne y de los que no quedaba constancia auténtica y fehaciente, bajo las leyes de Toro; cuando ocurrían los casos del artículo ciento treinta y siete, bajo el Código Civil antiguo, y cuando se realizan los del artículo 189 del vigente Código Civil revisado, entonces debía y debe ejercitarse la acción de filiación y el reconocimiento debía y debe constar por la ejecutoria solemne de un tribunal competente. Los padres que en el cumplimiento de su deber deseen transmitir a sus hijos naturales su apellido y sus bienes o la parte que en ellos les corresponda, deben hacer constar el reconocimiento de una manera auténtica y fehaciente, por ejemplo, en el acta de nacimiento, en un documento público, en su testamento, en una declaración prestada en forma solemne ante un funcionario o tribunal, etc., de manera que el hijo natural reconocido pueda hacer constar su condición de tal en la misma forma que el hijo legítimo. Cuando los padres no realizan el reconocimiento de los hijos naturales de la manera expresada, entonces los hijos deben ejercitar la acción de filiación, y obtener una declaración judicial de su derecho.''

Con arreglo a la doctrina legal consignada al resolver los casos de que acabamos de hacer mención, se hace preciso ejercitar la acción de reconocimiento cuando el padre no lo ha hecho o se niega a hacerlo de una manera solemne, pudiendo sólo prescindirse del ejercicio de dicha acción, cuando de tal reconocimiento existe constancia auténtica y fehaciente, o ha sido declarado por sentencia de tribunal competente. De aquí que, como en el presente caso no se ha ejercitado la acción de reconocimiento, y sólo se ha alegado la calidad de hijo natural reconocido de Juan Ramón Calaf por Salvador Calaf Serra, como uno de los hechos fundamentales de la demanda, cuya alegación, atendida la significación legal y

gramatical de sus términos, implicaba un reconocimiento en forma solemne y auténtica, es claro que toda prueba que no tendiera a justificar un reconocimiento hecho en esa forma, tenía que ser ineficaz en derecho a los fines pretendidos por los demandantes.

La prueba testifical suministrada por la parte actora tendente a demostrar actos de reconocimiento de la filiación de hijo natural de Juan Ramón Calaf por Salvador Calaf Serra; el documento presentado por la parte actora y tan debatido en el juicio, documento sin fecha alguna y concebido en estos términos: "Reconozco por mi hijo natural a Juan Ramón Valentín y esto se dispondrá como el día que se bautizó. Salvador Calaf;" la certificación de inscripción de Juan Ramón Calaf, en un libro de confirmados, según se ha pretendido demostrar, hecha en los siguientes términos: "519. Ramón, h. n. de Salvador Calaf y Ma. Antonia Martínez. P. Pedro Elías;" las declaraciones de varios testigos, tendentes a justificar la autenticidad del primero de dichos documentos; y el examen del mismo por peritos químicos y calígrafos, serían pruebas muy pertinentes en un pleito sobre *filiación y reconocimiento* de Juan Ramón Calaf; pero no en un pleito en que filiación y reconocimiento se supone constan por modo auténtico y fehaciente, y en cierto modo, por incontrovertibles, son ajenos a la discusión.

No es posible admitir que con arreglo a la Ley 11 de Toro bajo cuyo régimen nació y fué concebido Juan Ramón Calaf, un reconocimiento hecho de cualquier modo, directo o indirecto, sin constancia fehaciente del mismo, constituya título suficiente para ejercitar derechos sucesorios. Semejante teoría equivaldría a sostener que es el mismo interesado quien ha de apreciar cuántos y cuáles hechos bastan para determinar su reconocimiento, y quién ha de interpretar la significación y medir el alcance de las manifestaciones, de los actos y de las palabras constitutivos del mismo. Esa apreciación corresponde a la autoridad judicial en un juicio sobre reconocimiento, y nó en otra clase de juicio. Y decimos en

un juicio sobre reconocimiento, para que el debate sea franco y leal, con una demanda que determine todos los hechos constitutivos del reconocimiento, y con derecho por parte del demandado de oponer excepciones a esa demanda de reconocimiento.

Como la acción de reconocimiento no ha sido ejercitada, se ha privado a la parte demandada del derecho de oponer en el presente pleito las excepciones correspondientes contra dicha acción, habiéndosele privado, por tanto, de un medio substancial de defensa; y la privación de ese derecho en el presente caso es de tanta mayor importancia, cuanto que la excepción de prescripción anularía por completo la acción de reconocimiento, como pasamos a demostrarlo.

Repetimos que siendo la acción ejercitada sobre nulidad de institución de heredero, no pueden ser atinentes al caso, preceptos legales que se refieren a la duración o prescripción de la acción de reconocimiento de hijo natural; y por esa razón sostenemos que como la acción de nulidad se funda en el reconocimiento de la filiación natural de los demandantes, y ese reconocimiento no aparece de autos en forma auténtica y fehaciente, ha debido ejercitarse previa o conjuntamente con la acción de nulidad de institución de heredero, la de reconocimiento, para que entonces hubiera podido alegarse y decidirse sobre la excepción de prescripción.

Dice la parte apelada, en su alegato escrito:

"La presente demanda no establece ninguna acción de filiación; nuestra acción es única y sola, la de nulidad de institución de heredero, que no podemos admitir más cuestiones de filiación, que las que se refieren a la acción ameritada, a la que es bien visto no afectan las disposiciones legales citadas en contrario. Pero, independientemente de ello, entendemos que en materia de reconocimientos de hijos naturales nacidos bajo el régimen de la Ley de Toro no cabe alegación de prescripción de acciones fuera del caso de reconocimiento forzoso. Y la razón es obvia: los reconocimientos llevados a cabo con arreglo al derecho anterior al primer Código, no requerían formalidad alguna, bastando la voluntad libérrima del padre. Una vez expresada

tal voluntad, ninguna formalidad se requería para que tal reconocimiento produjese sus efectos legales.    Evidentemente, no puede invocarse la prescripción, cuando se afirma un estado legal, contra el que está en posesión de dicho estado, porque como es bien establecido, la prescripción supone falta de posesión.''

Como se ve, la misma parte apelada admite que cabe alegación de prescripción en un caso de reconocimiento forzoso; y como el caso de reconocimiento de Juan Ramón Calaf sería un caso de reconocimiento forzoso, pues Salvador Calaf durante la vida no lo reconoció en forma auténtica y fehaciente como hijo natural suyo, hasta el punto de preterirlo en su testamento, y el demandado, hoy causahabiente de Salvador Calaf, contradice tal reconocimiento, tenemos que la acción de reconocimiento de Juan Ramón Calaf es susceptible de prescripción.

La excepción de prescripción a la acción de reconocimiento es alegable, aunque se trate de reconocimiento de hijos naturales nacidos bajo el régimen de la Ley de Toro, como así lo dejamos establecido al decidir en 25 de junio de 1909 el caso de *Gual et al* v. *Bonafoux et al.*

Entonces digimos:

''Habiendo nacido el derecho de los demandantes Luis y Alfonzo al reconocimiento de hijos naturales antes de regir el Código Civil español, y consiguientemente la acción para obtener la declaratoria de ese derecho, derecho y acción deben subsistir con la extensión y en los términos que les reconocía la legislación precedente; pero derecho y acción no pueden *durar* más tiempo que el prevenido por el Código. Extensión y términos entrañan conceptos enteramente distintos del de duración, pues las dos primeras palabras determinan el alcance y virtualidad de un derecho o acción, y la tercera palabra se refiere al tiempo en que tendrán vida y eficacia.    No hay antinomia o contradicción en los preceptos de la regla 4ª. que dejamos transcrita.    Si alguna duda pudiera surgir sobre su significación y sentido, la encontramos desvanecida en la exposición de motivos del Código Civil español cuando dice: 'Pero si es justo respetar los derechos adquiridos bajo la legislación anterior, aunque no hayan sido ejercitados, ninguna consideración de justicia exige que su ejercicio posterior, su *duración*

y los procedimientos para hacerlos valer se eximan de los preceptos del Código.' ''

Estamos conformes y admitimos con el Tribunal Supremo de España en su sentencia de 23 de septiembre de 1898, que el reconocimiento afecta a la existencia misma del derecho, y por esa razón digimos en el caso de *Gual et al.* v. *Bonafoux et al.* lo siguiente:

''Como se ve, a Luis y Alfonso Gual les basta acreditar por cualquiera de los medios probatorios admitidos por la ley el reconocimiento expreso o tácito de su filiación natural por parte de Tomas Gual, según la Ley 11 de Toro, interpretada por la jurisprudencia del Tribunal Supremo de España, sin que para obligar a su presunto padre o a la sucesión de éste al reconocimiento pretendido, pueda exigírseles a los demandantes la existencia de la prueba que marca el artículo 135 del Código Civil antiguo, modificado por el 189 del reformado, pues en ese caso se perjudicarían derechos nacidos de hechos realizados bajo el régimen de la Ley de Toro, infringiéndose así la regla 1ª. de las dictadas para la aplicación de uno y otro Código.''

Hemos examinado las sentencias del Tribunal Supremo de España de 11 de abril de 1906, de 28 de diciembre del mismo año y de 2 de abril de 1909, las que por haber sido dictadas con posterioridad al cambio de soberanía, no tienen para nosotros autoridad de doctrina legal, sino la fuerza de doctrina jurídica, que pueda darles el peso de las razones en que se funden.

La última de dichas sentencias claramente consigna *ser lo cierto que en juicio no se ha opuesto la excepción de prescripción, ni en el recurso se cita artículo alguno del Código que se refiera a la duración de las acciones, fuera del 137 que carece de aplicación;* y el mismo Tribunal Supremo de España en sentencia de 19 de diciembre de 1902, no obstante tratarse del reconocimiento de una hija natural nacida bajo el régimen de la Ley de Toro, afirmó *no ser exacto* que el citado artículo 137 del Código Civil español no establece plazo para ajercitar la acción de reconocimiento, puesto que marca expresa-

mente hasta los cuatro años inmediatamente posteriores al cumplimiento de la mayor edad del interesado.

Sentimos no poder aceptar todas las apreciaciones de dicho respetable tribunal al interpretar la regla 4ª. de las transitorias para la aplicación del Código Civil español, en relación con el artículo 137 de dicho Código.

Nosotros entendemos que los elementos integrantes y necesarios de la filiación y del reconocimiento de los hijos naturales son aquellos que se refieren a la capacidad del hijo para ser reconocido, y a los actos necesarios para determinar el reconocimiento, elementos que son distintos en la Ley 11 de Toro, en el Código Civil español y en el Código revisado; y entendemos además que la duración de la acción para recabar judicialmente dicho reconocimiento es un accidente que el legislador puede modificar siempre bajo ciertas condiciones, con tal que no se prive en términos absolutos al que tenga o pretenda tener ese derecho, de la acción para obtener su declaración.

Si se concede tiempo razonable para el ejercicio de esa acción antes de que sobrevenga la privación del derecho, no hay motivo para quejarse de agravio alguno.

A este propósito dijimos en el caso de Emilia Rijos Córdova contra Teresa Folgueras y otros, resuelto en 21 de junio de 1910:

"La Corte Suprema de los Estados Unidos ha dicho: 'Esta corte ha decidido amenudo que las leyes sobre prescripción que afectan derechos existentes no son inconstitucionales, si se da un tiempo razonable para el ejercicio de la acción antes de que el impedimento empiece a tener efecto.' (*Hawkins* v. *Barney*, 5 Pet., 451; *Jackson* v. *Lamphire*, 3 id., 280; *Sohn* v. *Waterson*, 17 Wall, 596; *Christmas* v. *Russell*, 5 id., 290; *Sturges* v. *Crowninshield*, 4 Wheat, 122.) No hay razón para que si la Legislatura tiene poder para establecer una prescripción donde antes ninguna existía, no pueda cambiar otra ya anteriormente establecida. (*Terry* v. *Anderson*, 95 U. S., 632.) "

Conforme con la anterior doctrina el Código Civil español en su artículo 1939 y el revisado en su artículo 1840, contiene el siguiente precepto:

"La prescripción comenzada antes de la publicación de este Código se regirá por las leyes anteriores al mismo; pero si desde que fuere puesto en observancia transcurriese todo el tiempo en él exigido para la prescripción, surtirá ésta su efecto, aunque por dichas leyes anteriores se requiriese mayor lapso de tiempo."

La acción de reconocimiento de Juan Ramón Calaf ha quedado extinguida por prescripción, ya se atienda al artículo 137 del Código Civil español, ya se aplique el 199 del revisado.

Pero aun admitiendo que ni los preceptos del Código Civil español, ni los del revisado, que regulan la duración de la acción de reconocimiento sean aplicables al presente caso, siempre tendríamos que la ley 63 de Toro fija 20 años para la prescripción de las acciones personales, de cuyo carácter participa la de reconocimiento o filiación.

No encontramos en la legislación vigente en la fecha en que nació Juan Ramón Calaf precepto alguno que exceptúe de la prescripción la acción de reconocimiento, la que tampoco vemos sea imprescriptible por su naturaleza; y gran perturbación se originaría, si así fuera, en el seno de las familias, porque entonces los descendientes en cualquier grado, de un hijo natural con derecho al reconocimiento, podrían ejercitarlo contra los causahabientes de ese hijo natural.

Examinemos la excepción de cosa juzgada:

Aparece del récord que con fecha 14 de marzo de 1906, Rosa María, José M. Dolores y María Calaf, Gerardo Velázquez y Calaf a quien representaba su padre Manuel Velázquez, y José y Adela Calaf, dementes, en cuyo nombre comparecía su hermano José Miguel Calaf, presentaron demanda ante la Corte del Distrito de San Juan, con súplica de que se dictara sentencia a su favor y en contra del demandado

Federico Calaf Rivera, declarando que Ramón Calaf era hijo natural de Salvador Calaf Serra y como tal tenía derecho a heredarle en la mitad de su caudal; que los demandantes eran, como herederos únicos de dicho Ramón Calaf, los que tenían en cuanto a la herencia de Salvador Calaf Serra, los derechos que tenía Ramón Calaf; que el demandado Federico Calaf Rivera debía rendir cuenta a los demandantes de la herencia de Salvador Calaf y de sus productos, mediante una liquidación; y por último, que Federico Calaf Rivera entregue a los demandantes la mitad del caudal relicto por Salvador Calaf Serra, y los productos correspondientes desde el año 1902, y pague las costas del juicio.

A esa demanda opuso el demandado como excepciones previas, que los demandantes no tenían capacidad legal para demandar; que la demanda no aducía hechos suficientes para determinar una causa de acción; que la demanda era ambigua; y que la acción de reconocimiento había prescrito.

Celebrada la vista de las excepciones propuestas, la corte dictó decisión que, copiada a la letra, dice así:

### DECISIÓN.

"En este pleito fué celebrada en corte la vista de las excepciones opuestas por el demandado a la demanda, con asistencia de los abogados de ambas partes; y la corte, después de tomar en consideración la demanda y dichas excepciones que sin discusión oral fué sometida a su resolución por los abogados, es de opinión que los hechos y la ley están en favor de las excepciones opuestas a la demanda, y en su consecuencia decide sostenerlas, que el demandado no viene obligado a contestar la demanda, la que se desestima, sin permitir enmienda y con las costas. Dada en corte hoy, 28 de noviembre de 1906, en San Juan de P. R. Firmado. Pedro de Aldrey, Juez."

Según certificación del secretario de la corte expresada, la resolución que se deja transcrita es firme, por no haberse interpuesto contra ella recurso alguno.

Ante todo, debemos hacer constar que no se trata de una opinión emitida por el juez, sino de una resolución definitiva

que ha decidido en sentido contrario a los demandantes, los
derechos sometidos a la discusión en la demanda, pues ésta
se desestima sin conceder permiso para enmendarla, con las
costas a la parte demandante.

Tal pronunciamiento no es opinión, sino sentencia según
ésta aparece definida en el artículo 188 del Código de Enjui-
ciamiento Civil. Esa sentencia debe presumirse registrada,
pues estando el secretario de la corte en el deber de registrar-
la, según los artículos 231 y 234 del Código de Enjuiciamiento
Civil, existe la presunción legal de que cumplió con ese de-
ber, presunción que aparece marcada con el número 15 en
el artículo 102 de la Ley de Evidencia, aprobada en 9 de
marzo de 1905, por más que esa presunción pueda discutirse
mediante otra evidencia, lo que no se ha hecho por la parte
demandante, pues ni siquiera opuso excepción a la prueba
suministrada por el demandado en corroboración de su ex-
cepción de cosa juzgada. Y tal presunción es tanto más fuerte
en el caso presente, cuanto que el secretario de la corte cer-
tificó que la sentencia era firme, por no haberse interpuesto
contra la misma recurso alguno, de cuya afirmación puede
deducirse que estaba registrada.

Tenemos, pues, resuelto y decidido, según los términos de
la sentencia transcurrida, y con carácter de cosa juzgada,
que Ramón Calaf no es hijo natural de Salvador Calaf Serra,
y que ni él ni los demandantes en dicho pleito como here-
deros de Ramón Calaf, tienen derecho a la herencia de Salva-
dor Calaf Serra, sin que Federico Calaf Rivera esté en la
obligación de rendir cuenta a los demandantes de la herencia
de Salvador Calaf y de sus productos, mediante práctica de
una liquidación, ni de entregar a los demandantes la mitad
del caudal relicto por Salvador Calaf Serra con los produc-
tos correspondientes desde el año 1902.

¿Constituyen esos pronunciamientos presunción de cosa
juzgada en el presente pleito? ·

El artículo 1219 del Código Civil vigente dice así:

"\* \* \*. Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron."

En los dos pleitos a que nos referimos hay identidad de cosas, pues el fin último de uno y otro pleito no es otro que la participación en la herencia de Salvador Calaf; la causa de reclamarse tal participación es la misma, o sea el reconocimiento de hijo natural de Juan Ramón Calaf que en un pleito se solicita y en otro se supone; y por último, los litigantes son los mismos, con la única diferencia de que el menor demandante figura con nombres distintos en ambos pleitos, y en el segundo pleito no comparecen José y Adela Calaf que comparecieron en el primero, por haber muerto éstos y haberles sucedido en sus derechos los demandantes del segundo pleito, según se justifica en autos.

Si se declara con lugar la demanda que ha dado origen al presente juicio, el fundamento principal de esa declaratoria tendría que ser el reconocimiento de Juan Ramón Calaf, como hijo natural de Salvador Calaf, con los derechos consiguientes a dicho reconocimiento, viniendo así a contradecirse y a destruirse lo ya fallado anteriormente por sentencia ejecutoria.

Si no se admitiera la excepción de cosa juzgada alegada por los demandados, siempre resultaría que el hecho fundamental de la demanda o sea el reconocimiento de hijo natural de Juan Ramón Calaf ha sido ya decidido ejecutoriamente por anterior sentencia en sentido negativo, no pudiendo, por tanto, ser contradicha ni discutida esa decisión en el presente pleito, con lo cual cae por su base la acción ejercitada sobre nulidad de la institución de heredero de Federico Calaf.

En cuanto a la excepción de *litis pendencia* se ha justificado que en otro pleito promovido ante la Corte de Distrito

de San Juan por los mismos demandantes contra el mismo demandado sobre indéntica acción, a moción del demandado resolvió dicha corte que no era competente para conocer del asunto, y que si la demanda no se enmendaba dentro de diez días, se registrase tal resolución como sentencia a los efectos de la apelación, habiéndose verificado la diligencia de registro en 21 de setiembre de 1908 por no haberse presentado enmienda alguna a la demanda, y haber transcurrido el término señalado al efecto, así como su prórroga.

Consta también que la demanda que originó el presente pleito se presentó en la Corte de Distrito de Arecibo al día siguiente 22 de septiembre; que Federico Calaf fué emplazado para contestarla en 23 del mismo mes, y que la excepción de *litis pendencia* fué alegada al contestar la demanda en 18 de enero de 1909.

Haciendo aplicación a esos hechos del artículo 348 del Código de Enjuiciamiento Civil, preceptivo de que un pleito se considera pendiente desde que principia hasta su resolución final en apelación, o hasta que haya expirado el tiempo para interponer el recurso de apelación, a menos que se haya cumplido el fallo con anterioridad, tenemos que la expresada resolución de la Corte de Distrito de San Juan, registrada como sentencia en 21 de septiembre de 1908, fué dictada a instancia del mismo demandado, quien por tanto no podía interponer contra ella recurso de apelación; y que por lo que atañe a la parte demandante, cumplió dicha decisión por el mero hecho de acudir a la Corte de Distrito de Arecibo interponiendo la misma demanda, sin que pueda alegarse, como alega la parte apelante, que pudo apelar contra dicha resolución en cuanto concedía autorización para enmendar la demanda, pues la resolución de la corte fué registrada como sentencia cuando ya los demandantes habían dejado transcurrir el término que les fué concedido para enmendar la demanda.

No existe, pues, la *litis pendencia* alegada.

Tampoco cabe estimar la excepción de defecto de partes demandantes, cuyo defecto se hace consistir, según el alegato de la parte apelante, en que Antonio Cortada y Juan Gregory son cesionarios del 50 por ciento de los bienes y cantidades de cualquier clase, que por razón de este pleito pudieran obtener en definitiva los demandantes Rosa María, José Miguel y María Higinia Calaf y César Velázquez Calaf.

Examinadas las pruebas que sobre el particular han venido al juicio, encontramos las siguientes:

1ª. Un convenio escrito fechado en San Juan el 12 de junio de 1907 por el que Rosa María Calaf, reputándose heredera de su abuelo Salvador Calaf, como hija de Juan Ramón Calaf, autoriza a Cortada y a Gregory para que indaguen cuanto se relacione con su derecho a aquella herencia, obtengan los documentos necesarios y practiquen las gestiones requeridas para establecer aquel derecho, y también para que designen un abogado que la represente; estipulándose que los gastos que se originen serán de cuenta de los comisionados, a quienes en compensación de ello y de sus servicios se obliga a satisfacer una mitad de la parte líquida de herencia que perciba.

2ª. Otro contrato fechado en Ponce a 21 de junio citado, bajo idénticos términos y estipulaciones, entre José M. Calaf y María Calaf y los citados Gregory y Cortada.

3ª. Un convenio escrito ante el Notario José G. Torres en 12 de octubre de 1907, por el que Cortada confiesa haber recibido de José Herrera, doscientos cincuenta dollars para sufragar gastos originados con motivo de la reclamación de derechos hereditarios por los herederos de Ramón Valentín Calaf, contra Federico Calaf, comprometiéndose Cortada a devolver a Herrera por el dinero adelantado y por los servicios prestados en el asunto, la suma de mil dollars, siempre que el litigio se trance o termine por sentencia favorable a los demandantes.

Esos contratos no entrañan cesión o transmisión de derechos hereditarios a favor de Cortada, Gregory y Herrera, los cuales podrán ser partes interesadas en el resultado del pleito; pero tal interés no les autoriza para comparecer en el juicio a sostener la acción que ejercitan los demandantes.

Aunque la parte apelante ha alegado también en apoyo del recurso, que la corte inferior cometió error en la apreciación de las pruebas relativas al reconocimiento de Juan Ramón Calaf por Salvador Calaf Serra, y se ha sostenido amplio debate sobre el particular, no nos creemos autorizados para discutir y decidir acerca del valor de los diversos elementos probatorios aportados al juicio para defender e impugnar dicho reconocimiento, pues como ya hemos dicho antes, la acción ejercitada no es de filiación y reconocimiento de hijo natural, sino de nulidad de institución de heredero, y en este pleito no ha debido admitirse otra prueba que la que tendiera a justificar que el reconocimiento constaba en forma solemne y auténtica o por sentencia, prueba que no se ha traído al juicio. Además, con respecto a dicho reconocimiento, denegada ya por sentencia de 28 de noviembre de 1906, existe la presunción de cosa juzgada que estamos en el deber de respetar.

Por las razones expuestas procede la revocación de la sentencia apelada que dictó la Corte de Distrito de Arecibo en 30 de julio de 1909, y que se declare sin lugar la demanda que originó el juicio, con las costas a los demandantes y apelados.

*Revocada.*

Jueces concurrentes: Sres. Asociados, MacLeary, Wolf y del Toro.

El Juez Asociado, Sr. Aldrey, no intervino en la resolución de este caso.